Argued and submitted May 15, affirmed October 30, 1991

Henry E. RAMVICK,
*Appellant,*

*v.*

Victor OLSON
and June Olson,
*Respondents,*

*v.*

Monte RAMVICK,
*Additional Defendant on
Counterclaim - Appellant.*

(89-2074; CA A63872)

820 P2d 18

Philip L. Nelson, Astoria, argued the cause and filed the brief for appellants.

D. Richard Fischer, Astoria, argued the cause for respondent June Olson. With him on the brief was Larson & Fischer, Astoria.

No appearance for respondent Victor Olson.

Before Buttler, Presiding Judge, and Rossman and De Muniz, Judges.

BUTTLER, P. J.

## BUTTLER, P. J.

Plaintiff, purchaser of a fishing vessel from defendant Victor Olson, brought an action to quiet title to that vessel and for specific performance. Defendant June Olson counterclaimed against plaintiff and joined plaintiff's son as a defendant on her counterclaim for claim and delivery, conversion and trespass. She claimed a security interest in the vessel. The parties filed cross-motions for summary judgment on the issue of the existence, validity and priority of June's claim of a security interest in the vessel. The trial court granted June's motion, holding that she had a security interest that was prior to the interest of plaintiff. The sole issue on appeal is whether the trial court's conclusion is correct. We affirm.

The facts are undisputed. June and Victor jointly owned a gillnet fishing vessel, "Royal Chinook," with rights of survivorship, while they were married. Attached to the vessel was a Columbia River salmon gillnet fishing permit. On December 13, 1985, their marriage was dissolved on June's petition. The judgment provided:

"(10)  The Petitioner is awarded a judgment against the Respondent in the sum of $26,000, to equalize the property division, which Respondent shall pay within two years from the date of this decree with interest assessed at the legal rate of nine percent. Until the judgment is paid, the Petitioner shall have a first preferred mortgage on the fishing vessel 'Serenity' (Coast Guard Documentation number 252372). The Petitioner shall be listed as a secured interest mortgagee on the 'Royal Chinook' (Oregon Marine Board number OR-383-FH). Both parties shall execute whatever documents are necessary to perfect the security instruments, transfer titles to the Respondent and insure the Petitioner's first preferred mortgage on the 'Serenity'."

Before that judgment was entered, Victor had agreed orally to sell the vessel to plaintiff and had his attorney prepare a purchase money security agreement. That agreement referred to June as an owner of "Royal Chinook," omitted any mention of her security interest and provided that the gillnet fishing permit be included in the sale. June refused to sign the agreement, because she believed that she was no longer an owner and because she wanted to protect her security interest. Further, neither she nor Victor intended to

transfer the fishing permit with the vessel. Accordingly, a second agreement was prepared, which evidenced the sale between Victor, as sole owner, and plaintiff, as buyer, and did not include the fishing permit. It also provided: "Buyer is aware of the first security interest in favor of June E. Olson, seller's former spouse." June was not required to sign, and did not sign, the agreement. Although the document was dated December 12, plaintiff and Victor agree that they did not sign it until February 5, 1986, after the dissolution judgment had been entered.

The agreement provided for a purchase price of $18,000, with a down payment of $7,500 and the balance due by September 15, 1987. In June, 1986, June signed off on the title to the vessel, and Victor signed an "application for title by new owner." The Marine Board then issued a new title showing Victor as sole owner and June as first secured party. By October, 1988, plaintiff had paid the entire purchase price, and Victor gave him a bill of sale, but did not transfer title, whereupon plaintiff brought this action. The trial court held that the dissolution judgment had created a security interest, which was properly perfected pursuant to ORS chapter 830,[1] and ordered that June be given immediate possession of both "Royal Chinook" and the fishing permit. Plaintiff assigns error to the trial court's holding that the dissolution judgment created a security interest and contends that he is entitled to possession[2] and clear title to the vessel.[3]

Although we agree that the dissolution judgment did not *create* a security interest in the vessel in favor of June, we affirm the court's conclusion. Before he signed the contract

---

[1] ORS 830.740(1) provides:

"Except as provided in subsection (2) of this section, the exclusive means of perfecting a security interest in a boat, boathouse or floating home covered by a certificate of title is by application for and notation of the security interest on the certificate of title * * *."

[2] We do not address the propriety of the trial court's order granting June possession of the permit, as well as the vessel, because plaintiff does not specifically assign it as error.

[3] The parties agreed that, pursuant to ORS 508.793(2), if a person has a secured interest in a boat and there is a permit with that boat, the security interest also attaches to the permit, even though it is not specifically mentioned. Accordingly, the parties stipulated that, if June had a valid security interest in "Royal Chinook," she would also have a security interest in the gillnet fishing permit.

with Victor, plaintiff knew that June was no longer an owner of the vessel after the dissolution of her marriage to Victor and that she was claiming a security interest in the vessel by virtue of the dissolution judgment.[4] The contract that he signed expressly acknowledged that June had a first security interest in the vessel. In that contract, Victor agreed that June had a security interest that was ahead of the security interest granted him by the contract.

In this proceeding, plaintiff seeks equitable relief, in spite of the fact that he agreed to purchase the vessel in which June had a first security interest, which he acknowledged. Regardless of what the UCC might have required to create and perfect a security interest in the vessel, plaintiff is estopped from challenging June's security interest or its priority. Because there is no dispute between Victor and June as to her security interest in the vessel, June has a security interest and is entitled to enforce it.

Affirmed.

---

[4] The terms of the security interest were set f(  :-  :- the dissolution judgment and, although Victor did not sign the judgment, he signed  the contract with plaintiff, acknowledging June's interest.